KLIEBERT, Judge.
On June 5, 1985, after her employment had been terminated for insubordination, *533 Gilda Moses, plaintiff-appellant, filed suit against her former employer, Celotex Corporation, defendant-appellee, for workmen’s compensation benefits. The petition alleged injuries sustained in an on-the-job accident on August 8,1984, and her refusal to perform the assigned work was due to pain and the fear of aggravating her injured back. After trial, the district court found her employment was terminated because of her unjustifiable refusal to perform assigned work and dismissed plaintiffs petition because of her failure to prove any disability.
On appeal, plaintiff claims the trial court erred in: (1) admitting a video tape of plaintiffs activities taken by defendant subsequent to the alleged August 8, 1984 injury and (2) failing to find plaintiff was entitled to supplemental earnings benefits for permanent partial disability as provided for by LSA-R.S. 23:1221(3). For the reasons hereafter stated we reject the plaintiffs contentions and affirm the trial court’s ruling.
As to the plaintiff’s first assignment of error, we note the trial judge stated he believed it was within , his discretion to allow the video into evidence but did not know how much weight he would give to it. Since the trial judge did not assign written reasons for his judgment, we have no way of showing how much weight he placed on the video tape. However, since we find the other evidence is so overwhelmingly in favor of defendants, even if we concluded the investigator’s testimony and the video tape were erroneously admitted, we would consider it harmless error. Therefore, without considering the investigator’s testimony or the video tape, we decide the primary issue, i.e., does the evidence support the trial court’s findings and ruling.
The record reveals the plaintiff slipped and fell on her buttocks at work on August 8, 1984. According to her testimony, she noticed the onset of pain in her lower back and both legs. She was treated by Dr. Frank Schiavi, Jr., orthopedic surgeon; Dr. Carl Culicchia, neurologist, and Dr. Robert Applebaum, neurologist. She was paid weekly compensation benefits until her return to work on December 8, 1984. The only restriction on her return to work was that she remain under medical observation while working. She was returned to full duty.
Initially on returning to work she performed the duties as a sorter-stacker. Thereafter, she was assigned the duties of a forklift operator. Part of her duties as a forklift operator included cleaning up the plant when the manufacturing process was shut down.
On the morning of January 21, 1985, the plant was shut down because of a freeze. Plaintiff reported to work and was ordered into a “hole” to shovel out loose bagasse. When she refused, she was sent home. After two company hearings on the question, plaintiff’s employment was terminated for refusal to perform the work assigned by her supervisor.
Plaintiff claims she was justified in refusing the work assignment because her injury from the August 1984 accident precluded her from doing this kind of work due to the pain in, and an increased risk of injury to her back. On the other hand, defendant contends plaintiff's prior injury had nothing to do with her firing. Simply put, she was fired because she refused to perform clean-up duties assigned by her supervisor.
An employee who can only work in pain may be disabled. See Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984); Randall v. St. Paul Fire and Marine Insurance Co., 470 So.2d 301 (5th Cir.1985). Whether a plaintiff’s pain is substantial enough to render him disabled is a question of fact to be determined by the trier of fact. Id.
Plaintiff’s testimony on her reasons for refusing to perform the assigned work is inconsistent. She first testified she did not complain to anyone of pain. Later, when she retook the stand she said she told her original supervisor (whose name she was not sure of) that she was experiencing back pain. Also, originally she testified her response to the order that she clean “the hole” was simply that it was not her *534 job so she was not going to do it. When she retook the stand, she testified that she also told her supervisor her back would hurt if she got into the hole.
The Celotex supervisors testified plaintiff never complained of nor told them her back was hurting or that plaintiff felt an undue risk of reinjuring her back by cleaning out “the hole.” They further testified their decision to terminate plaintiffs employment was based on her response to the supervisor’s order to clean out the hole, i.e., she was not going to do it because it was not her job.
In support of her contended disability plaintiff called Dr. Bernard Manale, an orthopedic surgeon, who had seen her on one occasion some two years after the alleged injury. The defendants called three of plaintiffs treating physicians, i.e., Dr. Cu-licchia, Dr. Applebaum, and Dr. Schiavi.
Dr. Schiavi testified his examination of August 21,1984 revealed no objective signs of orthopedic disability after plaintiffs fall and he felt she should take some anti-inflammatory medication and return to work in one week. Due to continued complaints of pain, he referred her to Dr. Culicchia.
Dr. Culicchia also testified that he found no objective signs of neurological disability. Although he believed there was no neurological injury or disease, faced with plaintiffs continuing complaints of pain, he admitted her to the hospital where a myelo-gram, CAT scan, and dynamic scan were performed. The myelogram showed a slight indentation of the anterior margin of the column of dye displacing spinal fluid, but no nerve root compression. This test suggested a structural abnormality in the L5-S1 region which could best be characterized as á degenerative disc (as opposed to a ruptured disc) protruding into the spinal canal, but not compressing any central nervous system structures. Throughout his examinations he found no objective signs of disability. He said she always had only subjective mechanical findings (complaints of pain) which showed inconsistent variability. When plaintiff complained of worsening pain, Dr. Culicchia informed her the only possible further course of treatment would be surgery. She did not want to undergo surgery and requested a second opinion. He recommended and she went to see Dr. Applebaum for the second opinion.
Dr. Applebaum found evidence of a mild to moderate bulging degenerative disc at L5-S1. However, he found no reason or need for surgery and placed no restrictions on the activities of plaintiff. He testified that this bulging disc is a degenerative condition which could be aggravated by some trauma. However, he would expect any aggravation due to trauma to heal with time.
Upon her return to Dr. Culicchia, plaintiff was released to return to work, full duty, including heavy manual labor, while continuing under medical observation. If her condition worsened, then surgery would have been considered. Dr. Culicchia testified, however, that he found nothing neurologically wrong with plaintiff.
The only physician called by plaintiff, Dr. Bernard Manale, saw plaintiff only on August 29, 1986, some two years after the injury. He had available the treating physicians’ reports and he took x-rays. Although he found no objective symptoms, based on the treating physicians’ reports and the x-rays he had taken, he concluded she had some form of bone disease. Given her history of trauma and the evidence of degenerative bone disease he was of the view the trauma aggravated a pre-existing condition. Dr. Manale did not recommend surgery but believed “heavy work” might aggravate her condition. He roughly estimated her disability at 20% of the whole body.
The trial judge, having heard and seen the witnesses, concluded plaintiff had failed to meet her burden of proving a total or partial disability by a preponderance of the evidence. The court may properly place more weight on the testimony of the treating physicians versus the testimony of an expert who had limited contact with the plaintiff. Keller v. Amedeo, 501 So.2d 309 (5th Cir.1987) reversed on other grounds 512 So.2d 385 (La.1987); Gullage v. F.W. Woolworth Co., 492 So.2d 77 (5th Cir.1986); Randall, supra. Given the total lack of *535 objective findings and the plaintiffs inconsistent statements regarding her experiencing pain at work and in her everyday activities, we cannot say the trial judge erred in finding that plaintiff failed to prove a partial or total disability. See Randall, supra; Ellis v. Rapides Parish School Board, 419 So.2d 990 (3rd Cir.1982).
Accordingly, the judgment of the trial court is affirmed. All costs of the appeal are assessed against plaintiff-appellant.
AFFIRMED.